UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PETRO SIRUK,                                               Case No. 20-CV-2269 (PJS/HB)

          Plaintiff,

v.                                                                          ORDER

ROB MISHELOFF, CHET ZEKEN,
JAMES K. BURAU, and SMARTER
EQUIPMENT FINANCE LLC,

          Defendants.

---

This matter is before the Court on plaintiff Petro Siruk's objection to the February 8, 2021 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer.[1]  ECF No. 14.  Judge Bowbeer recommends dismissing Siruk's complaint and

---

[1] Siruk previously filed two other objections in this matter.  First, in a two-page objection dated February 7 and docketed February 10, 2021, Siruk objected to Judge Bowbeer's original R&R, which was issued on February 1, 2021.  ECF No. 12.  The Court declined to adopt the original R&R because it was issued before Judge Bowbeer was able to review Siruk's motion to amend his complaint.  *See* ECF No. 10.  That motion had been filed with the Clerk's Office but not yet docketed at the time that the original R&R issued.  The Court has taken into account the facts alleged in Siruk's February 7 objection.

Second, in an objection dated February 9 and docketed February 12, 2021, Siruk objected to Magistrate Judge Elizabeth Cowan Wright's R&R in *Siruk v. State of Minnesota*, Case No. 20-CV-2667 (SRN/ECW), which is another of the ten lawsuits that Siruk has filed in this District since April 2019.  Siruk put the wrong case number on his objection, and thus it was mistakenly filed in this matter.  The error was discovered, and the objection was subsequently filed in *Siruk v. State of Minnesota*.

denying Siruk's application to proceed *in forma pauperis*. ECF No. 11. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Siruk's objection, adopts Judge Bowbeer's R&R, and dismisses this action.

Judge Bowbeer recommends dismissing Siruk's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[2] Judge Bowbeer explains that although Siruk's complaint and subsequent filings indicate that he intends to bring claims for trespass, breach of contract, fraud, and duress, Siruk has failed to clearly explain why each named defendant is liable to him under each of those legal theories. ECF No. 11 at 5. In response to the R&R, Siruk filed a 19-page objection in which he repeats his allegations against the existing defendants, and makes several new allegations against various entities who are not parties to this

---

[2] In the alternative, Judge Bowbeer recommends dismissing Siruk's complaint for lack of subject-matter jurisdiction. ECF No. 11 at 6–9. Siruk clarifies in his objection that he intends to invoke diversity jurisdiction under 28 U.S.C. § 1332. Siruk alleges that he is a citizen of Minnesota, that defendants Misheloff and Burau are citizens of Nevada, and that defendant Zeken is a citizen of California. ECF No. 12. Siruk further alleges that defendants Misheloff, Burau, and Zeken are the sole members of defendant Smarter Equipment Finance LLC, and that the amount in controversy exceeds $75,000. ECF No. 14 at 2–3. Accordingly, the Court finds that Siruk has adequately alleged a basis for jurisdiction under § 1332.

action—namely, Trust Capital LLC, North Mill Equipment Finance LLC, and Quality Truck Care Center.[3]

Siruk appears to allege that, after he sought financing from Smarter Equipment Finance LLC ("SEF") to purchase or lease a dump truck, SEF shared his personal information with several entities without his permission. Siruk's subsequent communications with these entities somehow led him to execute a contract to lease or purchase a dump truck that was not in good working condition, which in turn caused Siruk to incur various damages. Even taking into account the factual allegations made for the first time in Siruk's lengthy objection, the Court agrees with Judge Bowbeer that the facts alleged are insufficient to support any of Siruk's claims against the defendants named in this lawsuit.

First, Siruk explains that his breach-of-contract claim is premised upon defendants' alleged breach of a "verbal agreement." Defendants allegedly breached this agreement by, among other things, failing to disclose certain facts and failing to timely deliver working equipment. *See* ECF No. 14 at 15–16. The Court agrees with Judge Bowbeer that Siruk has not adequately alleged the existence of a contract, much less how the contract was formed, what the terms of that contract were, or how those

---

[3]These entities are named defendants in another of Siruk's pending cases, *Siruk v. Kendall*, Case No. 20-CV-2270 (JRT/ECW). The Court previously denied Siruk's request to consolidate this case with *Siruk v. Kendall*. ECF No. 10 at 2.

terms were breached. Accordingly, Siruk has failed to state a plausible claim for breach of contract.

Second, Siruk's allegations regarding his fraud and duress claims are not leveled against anyone who is a party to this lawsuit, but instead against non-parties Trust Capital LLC, North Mill Equipment Finance LLC, and Quality Truck Care Center. *See* ECF No. 14 at 16–18. As Siruk has not alleged that any defendant in *this* action committed any act of fraud or placed him under duress, these claims must be dismissed.[4]

Finally, to the extent that Siruk uses his objection to raise new legal theories—such as negligence, violation of unspecified "consumer protection laws," and unjust enrichment—the Court finds that these arguments are not properly before it. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1066–67 (8th Cir. 2012); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge."). Even if they were, the Court would dismiss these claims because Siruk has not alleged sufficient facts to make plausible any of these claims.

---

[4]Siruk does not argue in his objection to the R&R that Judge Bowbeer erred in recommending dismissal of his trespass claim.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Siruk's objection [ECF No. 14] and ADOPTS the February 8, 2021 R&R [ECF No. 11].  IT IS HEREBY ORDERED THAT:

1. Siruk's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Siruk's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 9, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge